UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-21103-CIV-MORENO
MAGISTRATE JUDGE P. A. WHITE

EDUARDO DEL RIO,            :

    Plaintiff,           :

V.                          :          REPORT OF
                                       MAGISTRATE JUDGE
FEDERAL BUREAU OF INVESTIGATION,:

    Defendant.          :

## I   INTRODUCTION

On April 21, 2008, Eduardo Del Rio, a federal prisoner, filed this pro se civil action seeking to compel the Federal Bureau of Investigation ("FBI") to produce records under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. [DE#1]. It relates to a letter request Del Rio made under FOIA to the FBI on July 31, 2007, seeking specific records relating to his criminal prosecution in Case No.97-384-CR-MOORE. The Request was assigned #1094871-000.

More specifically, this action challenges an April 4, 2008 ruling by the Department of Justice's Office of Information and Privacy (the "OIP"), which affirmed the FBI's actions and February 22, 2008 Response to the July 31, 2007 Request #1094871-000.

**This Cause is before the Court upon the FBI's Motion for Summary Judgment (DE#35),** with a supporting Declaration of David M. Harvey (DE#35-2, pp.1-20) and Exhibits A-K (DE#35-2, at pp.21-56), as to which plaintiff was advised of his right to respond (see Order of Instructions, DE#36).[1] Plaintiff filed a Response (DE#40),

---

[1] Rule 56© of the Federal Rules of Civil Procedure provides that summary judgment is proper

> [i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.

In Celotex Corp. v. Catrett, 477 U.S. 317 (1986), the Court held that summary judgment should be entered only against a party who fails to make a

the FBI has filed a Reply (DE#41), and the plaintiff has filed a Supplemental Response (DE#45).

**Also pending are: Defendant's renewed Motion for Protective Order (DE#48), and Plaintiff's Motion for Sanctions (DE#49) and Plaintiff's Renewed Motion for Sanctions (DE#51).**

## II   DISCUSSION

Plaintiff's 7/31/07 FOIA Letter directed to the FBI Office in Miami (DE#35-2, Ex.A) requested:

    1)    My own FBI 302 Report if one was made.

    2)    The telephone recorded negotiations and

---

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.  The moving party is 'entitled to judgment as a matter of law' because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. (citations omitted)

    Thus, pursuant to <u>Celotex</u> and its progeny, a movant for summary judgment bears the initial responsibility of informing the court of the basis for his motion by identifying those parts of the record that demonstrate the non-existence of a genuine issue of material fact. This demonstration need not be accompanied by affidavits. <u>Hoffman v. Allied Corp.</u>, 912 F.2d 1379, 1382 (11 Cir. 1990).If the party seeking summary judgment meets the initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party, in this case the plaintiff, to come forward with sufficient evidence to rebut this showing with affidavits or other re-levant and admissible evidence. <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11 Cir.), <u>cert.</u> <u>denied</u>, 112 S.Ct. 913 (1992). It is the nonmoving party's burden to come forward with evidence on each essential element of his claim sufficient to sustain a jury verdict. <u>Earley v. Champion International Corp.</u>, 907 F.2d 1077, 1080 (11 Cir.1990). The non-moving party cannot rely solely on his complaint and other initial pleadings to contest a motion for summary judgment supported by evidentiary material, but must respond with affidavits, depositions, or otherwise to show that there are material issues of fact which require a trial Fed.R.Civ.P. 56(e); <u>Coleman v. Smith</u>, 828 F.2d 714 (11 Cir. 1987); <u>Brown v. Shinbaum</u>, 828 F.2d 707 (11 Cir.1987). If the evidence presented by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986); <u>Baldwin County, Alabama v. Purcell Corp.</u>, 971 F.2d 1558 (11 Cir. 1992).

    The Order (DE#36) informed the plaintiff of his right to respond to Defendant's motion for summary judgment, instructed him, as a <u>pro se</u> litigant regarding the  requirements under Rule 56 for a proper response to a summary judgment motion.

>       "cocaine" agreement between my co-defendant
>       Edwin Diaz and FBI Informant Jos Lopez.
>
> 3)    The telephone recorded conversation between
>       my co-defendant Ramon Crissien and myself.

(Ex.A, DE#35-2, p.23). Therein Del Rio stated he needs the recordings to obtain an evidentiary hearing in his 1997 criminal case 97-384-CR-MOORE. On September 4, 2007, the plaintiff wrote a letter to Chief Field Counsel at the FBI Miami Office, providing more information regarding tapes he hoped to obtain (Ex.D, DE#35-2, pp.34-38). Therein he referenced *inter alia* a Call#4 on a Tape#7 and a copy of a transcript thereof which he had obtained at discovery, reflecting conversation with a CW (cooperating witness) whom plaintiff states was Ramon Crissien (his co-defendants).

The 7/31/07 Request (#1094871-000) was reviewed under FOIA, 5 U.S.C. §552, and the Privacy Act of 1974, 5 U.S.C. §552a, together referred to in the FBI's 2/22/08 Response as "FOIPA."

The FBI's Response, which was issued on 2/22/08, released a total of 89 pages of documents to the plaintiff (Hardy Declaration, ¶¶16, 35; and Ex.G at DE#35-2, pp.46-47). The FBI informed him that it had reviewed a total of 121 pages (Ex.G). These consisted of documents from his criminal investigation file (281B-MM-64502), and his existing FOIPA file (#190-MM-95888) which pertained to previous FOIA and Privacy Act requests that he had made. Of the 121 pages reviewed, 119 were from Del Rio's FOIPA file 190-MM-95888, and 2 were from his criminal investigation file (281B-MM-64502). Two pages, which were released, were FD-302 Forms from Del Rio's criminal investigation file (#281B-MM-64502), which were not concerned with interviews or conversations, but rather disposition of his property; and the investigation showed that there was no record of any individual interview of Del Rio within the FBI criminal investigation file, as might have been memorialized on a FD-302 form. Of the remaining pages, 32 were not released. Of those 32 pages not produced, 28 were duplicates; and 4 were withheld pursuant to FIOA exemptions §§555(b)(6), (b)(7)(C), and (b)(7)(D). (Hardy Decl., ¶¶16, 33, 35; Ex G).

From the FBI's 2/22/08 Response, the plaintiff appealed to the OIP in a letter dated 3/1/08 (Hardy Decl., ¶17; Ex. H at 35-2, p. 50), arguing that the FBI inadequately responded by "only disclosing correspondence generated by my prior request (190-MM-95888) and appeal (No.: 01-0945)." (Hardy Decl; Ex.H). In a March 20, 2008 letter the OIP notified Del Rio of the receipt of his appeal, and that it would be advising him of its decision. (Ex.I, DE#35-2, p.52; Hardy Decl. at ¶18). On April 4, 2008, the OIP issued its response (assigned Appeal #08-1215), denying Del Rio's request #1094871. (Appeal Response, Ex.J. at DE#35-2, p.54). The Appeal Response read, as follows, verbatim:

> You appealed from the action of the Miami Field Office of the Federal Bureau of Investigation on your request for access to records pertaining to yourself. I note that your appeal is limited to the adequacy of the FBI's search for responsive records.
>
> After carefully considering your appeal, I am affirming the FBI's action on your request. The FBI was unable to locate additional tape recordings responsive to your request. I have determined that the FBI's response was correct and that it conducted an adequate, reasonable search for records responsive to your request. Please note that the only tape recordings that the FBI located were the same ones located and released to you in their entirety previously.
>
> If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. §552(a)(4)(B).

(Ex.J).

As discussed further, below, tape recordings were found to exist.

The defendant (FBI), through its Summary Judgment Motion, and Hardy's supporting Declaration, has established that with respect to FD-302 forms, the response provided by the FBI was not

4

inadequate. The only two FD-302 Forms located were in fact produced, although they related only to property. There existed no other FD-302 form memorializing statements made by Del Rio.

The motion for summary judgment and Hardy's Declaration and exhibits further establish that prior to execution of Hardy's Declaration on October 15, 2008, and the filing of the defendant's Summary Judgment Motion in this case (DE#35), a further exhaustive search was made (as described in Harvey's Declaration) for records, and for audio recordings in FBI possession to which "plaintiff was a party" (i.e. on which his voice appeared) or which might otherwise be "responsive" (e.g., recordings with voices of 3rd parties sought in his 7/31/07 request). This search located 7 audio tapes. These were labeled Edwin#1, Edwin#2, Edwin#3, Edwin#4, Edwin#5, Edwin#6 and Edwin#7. All were in the criminal investigation file (281B-MM-64502). Only 2 were indexed to the plaintiff, but all 7 were sent to FBI headquarters for review. There, Del Rio's voice was found on 3 tapes, Edwin#5, Edwin#6 and Edwin#7. On tapes Edwin#1, Edwin#2, Edwin#3, and Edwin#4 there appeared voices of only 3rd parties. The Audiotape Edwin#7 was redacted and was released to the plaintiff on September 26, 2008, leaving long pauses on the tape, where exempt material (other persons' voices, and references to names) appeared. (Hardy Declaration, ¶¶21, 36). The 9/26/08 Release Letter informed plaintiff that third party material is not subject to access under the Privacy Act, §552(a)(b); and that the erased material, withheld pursuant to §552(b)(7)(C) and (b)(6) which pertain to material in which release would constitute an unwarranted invasion of the personal privacy of third parties, was not appropriate for discretionary release. (Release Letter, Ex.K; Hardy Declaration, ¶21).

Two tapes, Edwin#5 and Edwin#6 were non-responsive to the plaintiff's FOIA request for conversations of specific individuals. (Hardy Decl., ¶36).

The FBI determined that 4 tapes with 3rd party conversations, tapes Edwin#1, Edwin#2, Edwin#3, and Edwin#4 (the only tapes on

which voices of both Edwin Dias and Jose Lopez appeared, and on which plaintiff's voice did not appear) were responsive to plaintiff's FOIA request, but that they were exempted from disclosure in their entirety pursuant to FOIA exemptions §§552(b)(6) and (b)(7)(C), and were not subject to disclosure under the Privacy Act pursuant to §§552a(j)(2).

While the initial 2/22/08 FOIA Response referenced only documents, it is apparent from FBI Section Chief Hardy's Declaration made under penalty of perjury, that the FBI, prior to its motion in this case, conducted a renewed, thorough, reasonable, and adequate search for records and recordings. The nature of the FBI Records System and electronic surveillance ("ELSUR") Indices, and the searches made, are described at length in Hardy's Declaration.

The FBI search for records responsive to plaintiff's requests for paper documents is set out by Hardy under oath in his Declaration. The initial search, and the renewed search conducted prior to the FBI's motion in this case revealed only the two files (FOIPA file #190-MM-95888, criminal investigation file 281B-MM-64502), the contents and handling of which was discussed, <u>supra</u>. There were no other documents; and specifically no FD-302 Forms pertaining to any statements made by Del Rio were found to exist.

The defendant FBI, through its summary judgment motion, and Hardy's Affidavit and exhibits, has demonstrated that with regard to the 7 "Edwin" audiotapes, the FOIA and Privacy Act exemptions relied upon have been properly applied.

Privacy Act Section 552a(j)(2) specifically permits agencies, by regulation, to exclude from available records "reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision." <u>See</u> <u>U.S. Dep't of Justice v. Julian</u>, 486 U.S. 1, 22 (1988)

FOIA exemption (b)(6) exempts from disclosure matters contain-

ed in "personnel and medical files and similar files the disclosure of which clearly constitutes unwarranted invasion of personal privacy." From this definition, the term "similar files" has been given broad construction by the Courts, and is interpreted as meaning all information that "applies to a particular individual" may fall within the exemption. See U.S. Dep't of State v. Washington Post Co., 456 U.S. 595, 599-603 (1982).

FOIA exemption (b)(7)(C) exempts from disclosure "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information...could reasonably be expected to constitute an unwarranted invasion of personal privacy." To determine whether the disclosure of documents will result in an unwarranted invasion of privacy, the court must balance the individual's privacy interest against the public interest in disclosure of the information. O'Kane v. United States Customs Service, 169 F.3d 1308, 1309 (11 Cir.1999); Nadler v. U.S. Dep't of Justice, 955 F.2d 1479, 1487 (11 Cir. 1992). "Only the interest of the general public, and not that of the private litigant, is relevant to [the court's] inquiry." Id. at 1489. "Disclosure of the requested information is in the public interest only if it furthers the public's statutorily created right to be informed about what their government is up to." Id.; Reporter's Committee for Freedom of Press, 489 U.S. 749, 773 (1989).

In particular, courts have acknowledged that under FOIA exemption b(7)(C), when balancing privacy interests against the public interest in disclosure, and when dealing with recorded tapes, there may exist various categories of individuals whose privacy interests may be implicated by disclosure. These may include: persons whose voices are heard on a tape, including those of co-defendants, convicted or otherwise; voices of others appearing on the tape; and persons mentioned on the tape including confidential informants or undercover agents. Davis v. U.S. Dep't of Justice, 968 F.2d 1276, 1281 (C.A.D.C. 1992). Persons involved in an FBI investigation, even if they are not the subject of the

investigation, have "a substantial privacy interest in seeing that their participation remains secret;" Davis, supra, 986 F.2d at 1281 (quoting Fitzgibbon v. C.I.A., 911 F.2d 755, 767 (C.A.D.C. 1990)); and even third parties mentioned in FBI investigative recordings may have similarly strong interest in non-disclosure." Davis, supra, at 1281 (quoting King v. Dep't of Justice, 830 F.2d 210, 233 (D.C.Cir.1987)). Even where "a particular privacy interest is minor, nondisclosure remains justified where...the public interest in disclosure is virtually nonexistent." Davis, supra, 986 F.2d at 1282. In addition, where the FBI or CIA has released information about an individual elsewhere, this does not diminish the persons' substantial privacy interest under exemption 7(C), even with the passage of time. Fitzgibbon, supra, 911 F.2d at 768.

A FOIA litigant's private interest in obtaining materials for personal reasons plays no part in the required balancing of interests. Indeed, courts have noted that FOIA is no substitute for discovery practice, nor do private needs for documents affect determination of whether disclosure is warranted. See Cappabianca v. Commissioner, U.S. Customs Service, 847 F.Supp. 1558, 1564 (M.D.Fla. 1994), and cases cited therein.

In this case, the defendant FBI has shown that, when applying the FOIA and Privacy Act provisions it relies upon, it has balanced the public interest in disclosure against privacy interests of 3rd party individuals (persons other than Del Rio) whose names or identities were disclosed in, and/or whose voices appear on the six tapes that were not released, and which had appeared on the redacted portions of tape Edwin#7 (which was released in September 2008, in edited form).

The FBI, through the Declaration of FBI Section Chief Hardy, has established that plaintiff Del Rio has obtained and provided no completed and signed privacy waiver as to any individual who may have a privacy interest in the contents of the tape recordings in question. Specifically, no such privacy waiver was provided for plaintiff's co-defendants Edwin Diaz and Ramon Crissien, or for Joe

Lopez whom plaintiff in his FOIA request has identified as an FBI informant. (Hardy Decl., n.2). This is not refuted by Del Rio.

It is therefore apparent that although they were indicted, and information regarding them may have been disclosed in the course of pretrial proceedings, or at trial, Diaz and Crissien have substantial privacy interests in what is connected with them on the unreleased tapes. The same is also true for Lopez, an informant.

The Courts have not recognized an individual's desire for information to assist him/her in challenging his conviction to be a public interest under FOIA. See Hale v. Dep't of Justice, 793 F.2d 894, (10 Cir. 1992), *vacated on other grounds*, 509 U.S. 918 (1993) (public interest in the fairness of a particular trial is not the kind of public interest that compels disclosure under FOIA); Antonelli v. Federal Bureau of Investigation, 721 F.2d 615, 619 (7 Cir.1983)(holding in that case that the FOIA plaintiff/appellee Antonelli's contention in his brief, that "the public shares [his] interest in ensuring that his convictions were not obtained as a result of a violation of the Constitution" was insufficient as a public interest), *cert. denied,* 467 U.S. 1210 (1984); Brown v. FBI, 658 F.2d 71, 75 (2 Cir. 1981)("Plaintiff states in his brief that he is pursuing this litigation hoping to obtain evidence sufficient to mount a collateral attack on his kidnapping conviction...The Court, however, cannot allow the plaintiff's personal interest to enter into the weighing or balancing process").

It is apparent, therefore, that the privacy interests of the third parties whose names were invoked by Del Rio in his 7/31/07 FOIA request, and any others unidentified by name in these summary judgment proceedings, whose voices may appear or whose identities or names may be disclosed on the recordings, outweigh the interest in disclosure asserted here by the plaintiff/FOIA requestor Del Rio, regardless of whether the 3rd parties' privacy interests are deemed to be substantial or small.

It is noted that in his Response (DE# 40) the plaintiff states

his belief that there must exist an undisclosed FD-302 form for him, because he indicates that he exercised his right to remain silent. The defendant, however, has established that a thorough search was conducted, which disclosed no other FD-302s than those that were earlier produced.

In his Response, and supplemental Response the plaintiff argues that the Conversation #4 on tape Edwin#7 between him and his co-defendant Crissien was not produced (i.e., was erased) when the redacted copy of tape Edwin#7 was given to him in September 2008. As noted, supra, what is at least a partial transcript of that conversation appears in defendant's Ex.D, attached to plaintiff's supplemental September 4, 2007 FOIA letter. The defendant has shown that a redacted tape Edwin#7 was produced to the plaintiff in September 2008, and has substantiated that no privacy waiver for Crissien was provided by the plaintiff. It appears, therefore, that there is no basis for any further release of material from Tape #7 regarding what Crissien may have said on the tape on Call #4, in light of the privacy interest of the 3rd party (Crissien), and the fact that plaintiff's interest in disclosure is in his personal interest, which does not qualify as a public interest.

FOIA litigation is amenable to resolution on summary judgment. See Miscaviage v. I.R.S., 2 F.3d 366, 369 (11 Cir. 1993). Use of declarations or affidavits to meet the government's burden in such cases is appropriate so long as the declarations are specific and detailed enough to provide the necessary information needed for the court to make a decision. Miscaviage, supra, 2 F.3d at 368. Cf. Stephenson v. I.R.S., 629 F.2d 1140, 1144-45 (5 Cir. 1980) (noting resort to *in camera* review of documents in government possession is discretionary, as is requirement of detailed government indexes showing justification for withholding on a document by document basis; and further noting that "where records do not exist, affidavits are probably not only sufficient but possibly the best method of verification"). Agency affidavits are accorded a presumption of good faith. Florida Immigrant Advocacy Center v. National Security Agency, 380 F.Supp.2d 1332, 1343 (S.D.Fla 2005).

"The adequacy of an agency's search for documents requested under FOIA is judged by a reasonableness standard." Ray v. U.S. Dep't Of Justice, 908 F.2d 1549, 1558 (11 Cir. 1990), *reversed on other grounds, sub nom.* U.S. Dep't of State v. Ray, 502 U.S. 164 (1991). A document search by an agency does not require absolute exhaustion of its files. Ray, supra, 908 F.2d at 1558; Miller v. United States Department of State, 779 F.2d 1378, 1384-85 (8 Cir. 1985). Rather, "the agency must show beyond material doubt ... that it has conducted a search reasonably calculated to uncover all relevant documents." Ray, supra, 908 F.2d at 1558 (quotations omitted). This burden can be met by producing affidavits that are "relatively detailed, nonconclusory, and submitted in good faith." Id. (quotation omitted). Once the agency meets its burden to show that its search was reasonable, the burden shifts to the requester "to rebut the agency's evidence by showing that the search was not reasonable or was not conducted in good faith." Id.

In this case, defendant FBI has submitted a motion for summary judgment, supported by an adequately detailed and sworn statement (Declaration) by FBI Section Chief Hardy with attached exhibits, which demonstrates that a search reasonably calculated to uncover all relevant documents was conducted.  This showing has not been sufficiently rebutted by the plaintiff/requester Del Rio, and there is no showing that Hardy's Declaration was submitted in bad faith.

As discussed, supra, the defendants have demonstrated, pursuant to Privacy Act exemption j(2), at §552a(j)(2), and FOIA exemptions 6 and 7(C), at §§552(b)(6), and (b)(7)(C), that the withheld tapes (Edwin#1 through Edwin#6, and portions of tape Edwin#7 that were redacted) which the plaintiff requests be produced, are exempt from disclosure, where the plaintiff has not tendered waivers from other persons who were parties to the recorded conversations. Despite plaintiff's belief to the contrary, his personal interest in obtaining material with which to attack his conviction in his 1997 criminal case does not establish qualify as a public interest compelling disclosure under FOIA. And his

11

assertions that there exists a general public interest in fairness of criminal proceedings (his in particular), and that this should qualify as a public interest compelling disclosure under FOIA, are mis-founded. The plaintiff has failed to demonstrate the existence of a public interest which would suffice to outweigh the privacy interests of 3rd parties whose voices are on the tapes, or who are named or identified thereon.

It is clear, therefore, that the defendant FBI is entitled to summary judgment in its favor, and that its motion (DE#35) should be granted.

There remain the defendant's renewed Motion for Protective Order (DE#48), and Plaintiff's Motion for Sanctions (DE#49) and Plaintiff's Renewed Motion for Sanctions (DE#51). Here, as noted supra, it is clear that the defendant has demonstrated through an adequately detailed and supported Declaration (Section Chief Hardy's), submitted in good faith, that a reasonable and adequate search was conducted for records which could be responsive to plaintiff's FOIA requests. As discussed, various responsive materials were located, but not produced due to applicability of exemptions. Due to the lack of demonstration of a public interest outweighing 3rd party privacy interests in the withheld materials, and the lack of privacy waivers from the plaintiff, it is apparent that the action can be properly resolved by summary judgment. Under such circumstances, discovery is not generally allowed in a FOIA case. Tamayo v. United States Dep't of Justice, et al., 544 F.Supp.2d 1341 (S.D.Fla. 2008). See Cappabianca, supra.

It is apparent that the defendant's renewed motion for protective order (DE#48), and the plaintiff's plaintiff's motion (DE#49) and renewed motion for sanctions (DE#51) should be denied.

### III   CONCLUSION

It is therefore recommended that: 1) as to all claims, defendant's motion for summary judgment (DE#35) be granted; 2)

defendant's renewed motion for protective order (DE#48) be granted; 3) plaintiff's motion for sanctions (DE#49) be denied; 4) plaintiff's renewed motion for sanctions (DE#51) be denied; and 5) this case be closed.

Objections to this report may be filed with the Chief Judge within ten days of receipt of a copy of the report.

Dated: August 6th, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Eduardo Del Rio, Pro Se
     Reg. No. 52700-004
     FCI-Miami
     P.O. Box 779800
     Miami, FL 33177

     Carole M. Fernandez
     Assistant United States Attorney
     UNITED STATES ATTORNEY'S OFFICE
     99 N.E. 4th Street, Suite 300
     Miami, FL 33132